1    John C. Ulin (165524)
     E-Mail: John.Ulin@aporter.com
2    Emilia P. E. Morris (253681)
     E-Mail: Emilia.Morris@aporter.com
3    ARNOLD & PORTER LLP
     777 South Figueroa Street, Forty-Fourth Floor
4    Los Angeles, California 90017-5844
     Telephone: +1 213.243.4000
5    Facsimile: +1 213.243.4199

6    Attorneys for Philip Morris USA Inc.

7

8              UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10

11    PHILIP MORRIS USA INC.,      )    Case No. 5:11-cv-00279-JAK (OPx)
                               )
12             *Plaintiff*,    )    **CONSENT JUDGMENT AND**
                               )    **PERMANENT INJUNCTION AS TO**
13      vs.                      )    **DEFENDANT IGNACIO Z. DIAZ**
                               )    **(A/K/A IGNACIO ZAVALA),**
14    JOSELINO BRAN LOPEZ, et al.,    )    **INDIVIDUALLY AND DOING**
                               )    **BUSINESS AS SAN MIGUEL MEAT**
15          *Defendants*.    )    **MARKET AND/OR SAN MIGUEL**
                               )    **CARNICERIA**
16                                )
17                                )    **JS-6: Ignacio Z. Diaz Only**
                               )
18                                )

19

20

21

22

23

24

25

26

27

28

1     Plaintiff Philip Morris USA Inc. ("Philip Morris USA") and Defendant Ignacio

2   Z. Diaz (a/k/a Ignacio Zavala), individually and doing business as San Miguel Meat

3   Market and/or San Miguel Carniceria ("Defendant"), having settled this action on the

4   terms and conditions stated herein, it is hereby ORDERED, ADJUDGED and

5   DECREED as follows:

6        1.     This is an action for:  (i) infringement of registered trademarks in

7   violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); and (ii) false

8   designation of origin and trademark and trade dress infringement in violation of

9   Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  This Court has personal

10  jurisdiction over Philip Morris USA and Defendant, and subject matter jurisdiction

11  over the matter in controversy between Philip Morris USA and Defendant.  Venue in

12  this judicial district is proper.

13       2.     Defendant waives any objections he may have regarding sufficiency of

14  process or the sufficiency of service of process in this action.

15       3.     Philip Morris USA manufactures cigarettes, including the famous

16  MARLBORO® brand, for sale in the United States.  For several decades, Philip Morris

17  USA has used, in connection with its tobacco products, the MARLBORO® trademark

18  and various other trademarks incorporating the word MARLBORO®, including

19  without limitation, multiple varieties of MARLBORO® brand cigarettes, and/or the

20  MARLBORO Roof Design® trademark, a pentagonal figure with a horizontal top and

21  two vertical sides with two upwardly and inwardly sloping diagonals (collectively, the

22  "MARLBORO® Trademarks").  Philip Morris USA has spent substantial time, effort,

23  and money advertising and promoting the MARLBORO® Trademarks throughout the

24  United States, and these marks have consequently developed significant goodwill, have

25  become distinctive, and have acquired secondary meaning.  As a result of the sale of

26  counterfeit MARLBORO® brand cigarettes, Philip Morris USA is suffering a loss of

27  the enormous goodwill associated with the MARLBORO® Trademarks, and is losing

28  profits from lost sales of genuine products.

4.      Philip Morris USA is the registered owner of the following MARLBORO® and MARLBORO®-related trademarks on the Principal Register of the United States Patent and Trademark Office, all of which are valid, subsisting and incontestable pursuant to 15 U.S.C. § 1065:

| Registration Number | Registration Date | Trademark |
|---|---|---|
| 68,502 | April 14, 1908 | MARLBORO |
| 938,510 | July 25,1972 | MARLBORO Label |

5.      Beginning in or about January 2011, and subsequent to Philip Morris USA's adoption and first use of the MARLBORO® Trademarks, Defendant offered for sale and sold to the general public counterfeit MARLBORO® brand cigarettes.

6.      In the First Amended Complaint ("Complaint") filed with this Court on June 22, 2011, Philip Morris USA alleged that Defendant's offering for sale and sale of counterfeit MARLBORO® brand cigarettes constitutes trademark and trade dress infringement, and false designation of origin under the Lanham Act.  Philip Morris USA sought both injunctive relief and monetary damages.

7.      Since the filing of the Complaint, Philip Morris USA and Defendant have agreed to a full and final settlement of this action as contained herein and have agreed to the entry of this Consent Judgment and Permanent Injunction. Accordingly, it is hereby ORDERED that Defendant, and his officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with him, are hereby PERMANENTLY ENJOINED from:

(i)      Purchasing, distributing, selling, or offering for sale, cigarettes in packaging bearing counterfeits of the MARLBORO® Trademarks, or any of the various other trademarks incorporating the word MARLBORO® and/or the MARLBORO Roof Design® trademark, or assisting, aiding or abetting any other person or entity in doing so;

CONSENT JUDGMENT AND PERMANENT INJUNCTION
AS TO IGNACIO Z. DIAZ: 5:11-cv-00279-JAK-OP

(ii)   Using the MARLBORO® Trademarks or trademarks or trade dress that is confusingly similar therewith, except in connection with the sale and offering for sale of genuine MARLBORO® brand cigarettes; and

(iii)   Interfering with or impeding the inspections authorized by Paragraph 8(a) hereof in any way.

8.   Defendant further agrees to cooperate in good faith with Philip Morris USA in its future investigations of counterfeit sales at his retail establishments, including, without limitation, by (a) permitting Philip Morris USA or its designees to conduct inspections, without notice, of Defendant's cigarette inventories to determine whether any cigarettes bearing the MARLBORO® Trademarks are counterfeit (such inspections may proceed at any of Defendant's retail establishments between the hours of 9:00 a.m. to 5:00 p.m. on any day Defendant is open for business) and to retain possession of any such cigarettes that are determined to be counterfeit; (b) responding to reasonable requests for information about Defendant's suppliers or other sellers of genuine or counterfeit MARLBORO® brand cigarettes; and (c) cooperating with Philip Morris USA or its designees in their investigations of any suppliers or other sellers of genuine or counterfeit MARLBORO® brand cigarettes.

9.   The terms of this Consent Judgment and Permanent Injunction shall be enforceable against Defendant, any persons working in concert with him and any retail outlet that Defendant and/or such persons may own or operate now or in the future.

10.   Defendant agrees to waive all claims in this action against Philip Morris USA with prejudice, whether they are asserted or not.  All claims asserted in this action by Philip Morris USA for monetary recovery from Defendant are hereby dismissed with prejudice.  There being no just reason for delay, the entry of this consent judgment by the United States District Court constitutes entry of final judgment as to all remaining claims asserted in this action by Philip Morris USA against Defendant

1  pursuant to Federal Rule of Civil Procedure 54(b).  Philip Morris USA and Defendant
2  will each bear their own costs and attorneys' fees.

3       11.    The Court shall retain jurisdiction to enforce this Consent Judgment and
4  Permanent Injunction.  If Defendant shall be alleged to have breached the terms of
5  this Consent Judgment and Permanent Injunction, Philip Morris USA shall have the
6  right to reopen this matter upon motion filed and heard on an expedited basis,
7  including by ex parte application.  If this matter is so reopened, Philip Morris USA
8  may pursue any and all remedies it may have against Defendant in addition to
9  liquidated damages as set forth below.

10      12.    Philip Morris USA has entered this Consent Judgment in material
11 reliance on Defendant's representations as to the sources from which he has
12 purchased the cigarettes sold at his retail outlet during the six months prior to January
13 2011.  Defendant represents and warrants that he has provided information to Philip
14 Morris USA concerning his cigarette suppliers to the best of his ability, and, in doing
15 so, has provided all relevant information in his possession, custody and control.  If
16 Philip Morris USA determines in good faith that Defendant has materially
17 misrepresented the sources from which he purchased cigarettes during this time
18 period, or if Defendant has failed to identify any of his cigarette suppliers for this
19 time period, such misrepresentation and/or omission shall constitute a material breach
20 of this Consent Judgment and Permanent Injunction and the terms hereof shall be null
21 and void except that Defendant shall remain permanently enjoined by the provisions
22 of Paragraphs 7 and 8 hereof, and shall be liable for liquidated damages pursuant to
23 the terms of Paragraph 13(iii).  In that event, Philip Morris USA shall have the right
24 to reopen this matter upon motion filed and heard on an expedited basis, including by
25 ex parte application.  If this matter is so reopened, Philip Morris USA may pursue
26 any and all non-monetary remedies it may have against Defendant, in addition to
27 liquidated damages as set forth below and shall also be entitled to recover its
28 attorneys' fees and costs for any further prosecution of this action.

13.     The parties recognize and acknowledge that it would be impractical or very difficult to determine or fix the amount of damages that would be sustained as a result of a breach of this Consent Judgment and Permanent Injunction by Defendant. Accordingly, after making a reasonable endeavor to arrive at the amount that would be an approximation of the damages that would or might be sustained in the event of a breach, the parties hereto agree to fix said amount of liquidated damages in the sum of (i) $500.00 per day for breach of Defendant's obligation to cooperate in good faith with Philip Morris USA's investigative efforts, as set forth in Paragraph 8, and accruing after Philip Morris USA provides reasonable notice to Defendant of the breach; and (ii) $500.00 for the first occasion on which Philip Morris USA confirms that Defendant has sold cigarettes bearing counterfeits of any of the MARLBORO® Trademarks after this Consent Judgment and Permanent Injunction is entered, with the monetary damages to double for each subsequent occasion on which a sale of counterfeit product is confirmed (e.g., $1,000.00 for the second occasion, $2,000.00 for the third occasion, etc.), except that if Philip Morris USA discovers 10 cartons or more of counterfeit MARLBORO® brand cigarettes in the combined inventory of one or more of Defendant's retail outlets in any inspection conducted within 90 days of the date on which cigarettes purchased at any of Defendant's retail outlets are confirmed as counterfeit, the amount of liquidated damages shall be multiplied by 10 (e.g., on the first such occasion, $5,000; on the second such occasion, $10,000, etc.) with any liquidated damages recovery capped at $200,000; and (iii) in the event Defendant has materially misrepresented the sources from which he has purchased cigarettes during the six months prior to January 2011, and/or failed to identify any of his cigarette suppliers during this time period in violation of Paragraph 12 hereof, $500.00 per day from the date this Consent Judgment and Permanent Injunction is entered, to the date Philip Morris USA learns of the misrepresentation and/or omission.

14.     Accordingly, in the event that Defendant breaches this Consent Judgment and Permanent Injunction as set forth above, which breach shall be determined on the basis of such proof as Philip Morris USA shall present to the Court, Defendant shall be obligated to pay to Philip Morris USA liquidated damages in the amounts set forth above.  Upon the entry of an Order of this Court that Defendant has committed such a breach, Philip Morris USA shall be entitled to enforce the Court's Order, including by Writ of Execution.

15.     Each of the parties acknowledges and represents that it has fully considered the effect of this provision for liquidated damages.

Dated:  August 31, 2011                  _____

JOHN A. KRONSTADT,
UNITED STATES DISTRICT JUDGE

16.     The individuals executing this Judgment represent or confirm that they are duly authorized to do so, and are similarly authorized to bind each of the signatories to this Judgment.

CONSENTED TO:

ARNOLD & PORTER LLP

Dated:
_____

By:
_____
        John C. Ulin
        777 S. Figueroa St., 44th Floor
        Los Angeles, CA 90017-5844
        (213) 243-4000

*Attorneys for Plaintiff Philip Morris USA Inc.*

IGNACIO Z. DIAZ, (A/K/A IGNACIO ZAVALA), INDIVIDUALLY AND DOING BUSINESS AS SAN MIGUEL MEAT MARKET AND/OR SAN MIGUEL CARNICERIA

Dated:
_____

By:
_____
        IGNACIO Z. DIAZ

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CONSENT JUDGMENT AND PERMANENT INJUNCTION
AS TO IGNACIO Z. DIAZ: 5:11-cv-00279-JAK-OP