JOHN C. ULIN (State Bar No. 165524)
john.ulin@aporter.com
EMILIA P.E. MORRIS (State Bar No. 253681)
emilia.morris@aporter.com
ARNOLD & PORTER LLP
777 South Figueroa Street, Forty-Fourth Floor
Los Angeles, California  90017-5844
Telephone: (213) 243-4000
Facsimile: (213) 243-4199

Attorneys for Philip Morris USA Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIP MORRIS USA INC., | Case No. 5:11-CV-00279-JAK (OPx) |
| *Plaintiff,* | **AMENDED JUDGMENT AGAINST ALFREDO ULLOA AND FLOR MUNOZ EACH INDIVIDUALLY AND EACH DOING BUSINESS AS ZAFIROS MINI MARKET** |
| vs. | |
| JOSELINO BRAN LOPEZ, et al. | |
| *Defendants.* | **JS-6: Alfredo Ulloa and Flor Munoz** |

Plaintiff PHILIP MORRIS USA INC. ("Philip Morris USA"), having properly served a Summons and Complaint herein against Defendants Alfredo Ulloa and Flor Munoz each individually and each doing business as Zafiros Mini Market (collectively, "Defendants"), and Defendants having failed to timely respond to the Complaint, it is hereby ORDERED, ADJUDGED and DECREED as follows:

1.     This is an action for: (i) infringement of registered trademarks in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), and (ii) false designation of origin and trademark and trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  This Court has personal jurisdiction over Philip Morris USA and Defendants, and subject matter jurisdiction over the matter in controversy between Philip Morris USA and Defendants.  Venue in this judicial district is proper.

2.     Defendants have not made any objection regarding the sufficiency of process or the sufficiency of service of process in this action.  Any objections Defendants may have regarding the sufficiency of process or the sufficiency of service of process in this action are hereby deemed waived.

3.     Philip Morris USA manufactures cigarettes, including the famous MARLBORO® brand, for sale in the United States.  Philip Morris USA is the registered owner of the following MARLBORO® and MARLBORO®-related trademarks on the Principal Register of the United States Patent and Trademark Office ("USPTO"), all of which are valid, subsisting and incontestable pursuant to 15 U.S.C. § 1065 (collectively the "MARLBORO® Trademarks"):

| Registration Number | Registration Date | Trademark |
|---|---|---|
| 68,502 | April 14, 1908 | MARLBORO |
| 938,510 | July 25, 1972 | MARLBORO Roof Design |

4.      Philip Morris USA has invested substantial time, effort and money in advertising and promoting the MARLBORO® Trademarks throughout the United States, and these marks have consequently developed significant goodwill, have become distinctive, and have acquired secondary meaning.  As a result of the sale of counterfeit MARLBORO® brand cigarettes, Philip Morris USA is suffering a loss of the enormous goodwill Philip Morris USA created in its MARLBORO® brand products and is losing profits from lost sales of genuine products.

5.      Beginning in or about September 2010, and subsequent to Philip Morris USA's adoption and first use of the MARLBORO® Trademarks, Defendants offered for sale and sold to the general public counterfeit MARLBORO® brand cigarettes.

6.      Philip Morris USA filed the Complaint in this action on February 14, 2011, and served the Summons and Complaint on Defendants on February 24, 2011.

7.      A Clerk's Certificate of Default against Defendants was entered on May 10, 2011, for Defendants' failure to timely respond to the Complaint.

8.      Accordingly, it is hereby ORDERED that Defendants, and Defendants' officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with Defendants are hereby PERMANENTLY ENJOINED from:

(i)      purchasing, distributing, selling, or offering for sale cigarettes in packaging bearing counterfeits of the MARLBORO® Trademarks, or any of the various other trademarks incorporating the word MARLBORO® and/or the MARLBORO Roof Design® trademark, or assisting, aiding or abetting any other person or entity in doing so;

(ii)     using the MARLBORO® Trademarks or trademarks or trade dress that is confusingly similar therewith, except in connection with the sale and offering for sale of genuine MARLBORO® brand cigarettes; and

1        (iii)  interfering with or impeding the inspections authorized by

2            Paragraph 9 of this Order in any way.

3       9.  IT IS FURTHER ORDERED THAT, in the event Philip Morris USA

4    determines in good faith that Defendants have offered for sale and/or sold counterfeit

5    MARLBORO® brand cigarettes after the date of entry of this Default Judgment and

6    Permanent Injunction,  Defendants must cooperate in good faith with Philip Morris

7    USA, including without limitation, by: (a) permitting representatives and/or

8    designees of Philip Morris USA to conduct inspections, without notice, of

9    Defendants' cigarette inventories to determine whether any cigarettes bearing the

10   MARLBORO® Trademarks are counterfeit (such inspections may proceed at any of

11   Defendants' retail establishments between the hours of 9:00 a.m. and 5:00 p.m. on

12   any day Defendants' retail establishments are open for business) and to retain

13   possession of any such cigarettes that are determined to be counterfeit; (b) responding

14   to reasonable requests for information about Defendants' suppliers or other sellers of

15   genuine or counterfeit MARLBORO® brand cigarettes; and (c) cooperating with

16   Philip Morris USA's representatives and/or designees in their investigations of any

17   suppliers or other sellers of genuine or counterfeit MARLBORO® brand cigarettes.

18   If any counterfeit MARLBORO® brand cigarettes products are identified at such an

19   inspection, Philip Morris USA may conduct a second such inspection at any or all of

20   Defendant's retail locations.  The same continuation right shall be extended each

21   subsequent, consecutive time such counterfeit products are identified.  Thus, the right

22   will be renewed for one further inspection.

23      10.  IT IS FURTHER ORDERED THAT, pursuant to 15 U.S.C. § 1117(c),

24   Defendants are liable to Philip Morris USA in the amount of $3,000 for their

25   violations of Sections 32(1) and 43(a) of the Lanham Act.

26      11.  IT IS FURTHER ORDERED THAT Defendant Ulloa is liable to Philip

27   Morris USA for the costs of the action in the amount of $63.33 and Defendant Munoz

28   is liable to Philip Morris USA for the costs of the action in the amount of $101.29.

12.     Upon entry of this Default Judgment and Permanent Injunction, any bond or undertaking Philip Morris USA has filed in this action as to Defendants shall be deemed exonerated and the original of such bond or undertaking shall be returned to Philip Morris USA.

13.     The terms of this Default Judgment and Permanent Injunction shall be enforceable against Defendants, their successors in interest and assigns, and any persons or business entities working in concert with Defendants.

14.     There being no just reason for delay, the entry of this Default Judgment by the United States District Court constitutes entry of final judgment as to all remaining claims asserted in this action by Philip Morris USA against Defendants pursuant to Federal Rule of Civil Procedure 54(b).

15.     The Court shall retain jurisdiction to enforce this Default Judgment and Permanent Injunction.  If Defendants shall be alleged to have breached the terms of this Default Judgment and Permanent Injunction, Philip Morris USA shall have the right to reopen this matter upon motion filed and heard on an expedited basis, including by *ex parte* application.  If this matter is so reopened, Philip Morris USA may pursue any and all remedies it may have against Defendants and shall also be entitled to recover its attorneys' fees and costs for any further prosecution of this action.

**SO ORDERED:**

Dated:  October 20, 2011

_____
JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE

Submitted by:


  /s/ John C. Ulin
John C. Ulin
ARNOLD & PORTER LLP
*Attorneys for Plaintiff Philip Morris USA Inc.*